The Honorable Denny Altes State Senator 8600 Moody Road Fort Smith, AR 72903-6718
Dear Senator Altes:
I am writing in response to your request for my opinion on the following question:
 Do first class cities in this State have the authority to appropriate and spend public money on construction projects that are not located within the city's geographical jurisdiction but are located on property owned by the county?
RESPONSE
In my opinion, there is no blanket proscription against a city's financing construction projects outside of the city limits on county property. However, determining whether it would be appropriate for the city to finance any particular project would involve conducting an intense factual review of the sort I am neither equipped nor authorized to conduct.
I am attaching for your information a copy of Ark. Op. Att'y Gen. No. 2003-047, in which I opined that, under appropriate circumstances, a city might build an animal shelter on property leased from the county. But see Ark. Op. Att'y Gen. No. 93-173
(opining that, given applicable statutory restrictions, a city could not construct a fire station outside of the city limits). I qualified my opinion regarding the construction of an animal shelter outside city limits as follows:
 [P]roper provision must be made in the lease agreement to address the issue of the effect of the expiration of the lease or of any subsequent transfer of the realty upon the city's ownership interest in the construction. More specifically, the lease agreement should include terms to protect the city's ownership interest in the construction and to prevent its reversion to the owner of the realty. If this issue is not addressed, the agreement could be challenged on various constitutional grounds, including Article 12, § 5, and Article 16, §§ 11 and 13 of the Arkansas Constitution.[1] See Op. Att'y Gen. No. 1996-351.
Your question as stated is too broad to allow of a meaningful answer. As my previous opinion should reflect, the conditions that might warrant such an expenditure of public revenues are intensely fact-specific, and I consequently cannot provide a categorical answer to your question. I can only opine that, for the reasons discussed in my previous opinion, there might indeed be instances in which a city could spend money on a construction project located outside of the city limits. Only a finder of fact acquainted with all of the circumstances could determine whether such an expenditure would be justified in any particular instance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Article 12, § 5 provides:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
Article 16, § 13 provides:
 Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.